IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DNYLAN BATES,

|   |   |   |
|---|---|---|
| | Plaintiff, | OPINION AND ORDER |
| v. | | |
| | | 24-cv-511-wmc |
| RICHARD SEDEVICK, | | |
| | Defendant. | |

Plaintiff Dnylan Bates, who is representing himself, is currently incarcerated by the Wisconsin Department of Corrections ("DOC") at the Columbia Correctional Institution. After he filed an amended complaint, Bates was granted leave to proceed on Eighth Amendment claims against a correctional officer, defendant Richard Sedevick, for excessive force and delaying access to medical treatment. (Dkt. #10.) Before the court is defendant's motion for summary judgment on exhaustion grounds, arguing that Barnes did not timely file a grievance regarding the allegations in his complaint and never exhausted the available appeal process. (Dkt. #18.) For the reasons set forth below, defendant's motion for summary judgment will be granted and this case will be dismissed.

UNDISPUTED FACTS

Bates filed one grievance relevant to his claims in this lawsuit. In CCI-2024-9222, Bates claimed that "Officer/Sergeant Richard Sedevick assaulted [him] by [using] excessive force." (Dkt. #20-2, at 6.) Specifically, Bates wrote that on May 20, 2024, between 2:45-3:45 p.m., Sedevick returned Bates to his cell in Restrictive Housing Unit 1 at CCI and was removing the "tether restraint" used to escort him when Sedevick "jerked" Bates up

from a seated position and pushed him into a garbage can while Bates was "using profanity towards him." (*Id*. at 6-7.)  Once Bates was in his cell with the door secured, Sedevick jerked the tether again, causing the cuff to "dig into" the back of Bates' right hand.  (*Id*. at 7.)  When Bates complained, Sedevick continued to pull Bates' arms out of the trap door of the cell, further injuring his wrist and the area between his forearm and bicep.  (*Id*.)  Other staff responded and a nurse cleaned an unspecified "wound."  (*Id*.)  Bates notified "Unit Manager Christopher" and other officials but received no response.  (*Id*. at 6.)

The Inmate Complaint Examiner rejected CCI-2024-9222 as untimely because it was received on June 18, 2024, 29 days after the incident, and Bates did not request a "good cause exemption" from the applicable 14-day deadline in his complaint.  (Dkt. #20-2, at 2.)  Bates did not appeal the rejection to the reviewing authority as directed in the rejection notice by completing a "form DOC 2182 Request for Review of Rejected Complaint."

OPINION

The Prison Litigation Reform Act ("PLRA") bars a prisoner's civil action about prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  To satisfy the exhaustion requirement, a prisoner must follow all the prison's rules for completing its grievance process.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  This requires:  (1) following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

The exhaustion requirement, which is mandatory, is designed to afford prison

2

administrators an opportunity to investigate and resolve grievances without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006).  A prisoner is required to provide notice of his claim by specifying "the nature of the wrong for which redress is sought ... [to give] prison officials a fair opportunity to address his complaint." *Jackson v. Esser*, 105 F.4th 948, 959 (7th Cir. 2024) (internal quotations and citations omitted).  Thus, exhaustion is required "even if ... the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006); *see also Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement.").

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809; *see also Pozo*, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").  "Substantial compliance with administrative remedies" is insufficient to satisfy the exhaustion requirement. *Farina v. Anglin*, 418 F. App'x 539, 543 (7th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001), and *Dole*, 438 F.3d at 809).  This means that if a prisoner failed to complete any step in the exhaustion process before bringing his lawsuit, the court must dismiss his claims. *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999).

To exhaust administrative remedies, a Wisconsin prisoner must follow the Inmate Complaint Review System ("ICRS") process set forth in Wisconsin Administrative Code Chapter DOC 310, which begins with filing a complaint with the Inmate Complaint Examiner ("ICE") within 14 days after the incident giving rise to the grievance.  Wis.

Admin. Code § DOC 310.07(2). A late complaint can be accepted for good cause, but an inmate must specifically "request to file a late complaint in the written complaint and explicitly provide the reason for the late filing." *Id.*

The ICE may reject a grievance as untimely if the inmate submits it beyond the 14-day deadline and provides no good cause to extend the time limits. Wis. Admin. Code § DOC 310.10(6)(e). An inmate may appeal a rejected complaint within 10 days to the Reviewing Authority, who may only review the basis for the rejection of the complaint. Wis. Admin. Code § DOC 310.10(10). A decision by the Reviewing Authority on a rejected complaint is the final agency decision for exhaustion. *Id*.

Otherwise, if an inmate is dissatisfied with the result of a timely grievance, he may also file an appeal to the Reviewing Authority within 14 days of the date of the decision on the inmate complaint (or 45 days after the date ICE receives the complaint, if the inmate does not receive a decision). Wis. Admin. Code §§ DOC 310.09(1), 310.11(3). The Reviewing Authority reviews the underlying decision, then sends a recommendation to the Office of the Secretary, whose decision is final. Wis. Admin. Code §§ DOC 310.12(9), 310.13(2)-(3).

Even so, a prisoner's failure to exhaust is an affirmative defense, which defendants must raise and prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). In particular, at summary judgment, defendants must show that there is no genuine dispute of material fact as to plaintiff's failure to exhaust, entitling them to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Here, defendant has presented evidence establishing that plaintiff filed only one

potentially relevant grievance, but submitted it 29 days *after* the issue it identified, failing to comply with the 14-day deadline.  Plaintiff did not request an exemption or offer good cause for his untimely filing.  The evidence further shows that plaintiff did not complete the second step of the grievance process by filing an appeal to the Reviewing Authority. Because plaintiff's grievance was untimely, he failed to exhaust the available prison remedy process and his claims must be dismissed.

Plaintiff argues that the court should excuse his failure to file a timely grievance because: (1) Unit Manager Christopher Olson did not respond to his attempt at informal resolution; and (2) he did not know what he was doing, had been told by a prison staff member and other inmates that he just needed to appeal to DOC central office in Madison, and he did appeal to Madison.  Neither argument is persuasive.

First, the ICRS process only requires that inmates *attempt* informal resolution.  Wis. Admin. Code § DOC 310.07(1).  When there is no response, inmates must still file a complaint before the deadline and document their effort.  Having written that he attempted to resolve his issue with "Unit Manager Christopher but [received no] response," plaintiff understood that he could document that he received no response.  Moreover, as noted above, the ICRS process specifically requires a late grievance to "explicitly provide the reason for the late filing."  Wis. Admin. Code DOC §§ 310.07(2), 310.10(6)(e).  By failing to provide *any* reason in his grievance, plaintiff waived this argument and failed to follow prison grievance procedures, as required to properly exhaust his administrative remedies.  *See Fitzpatrik v. Fruehbroadt*, 843 F. App'x 814, 815 (7th Cir. 2021) (affirming dismissal for failure to exhaust where a Wisconsin prisoner filed an untimely grievance and

did not assert good cause for its untimeliness as required during the administrative process).

Second, plaintiff's assertions that he did not know or was misinformed about the grievance appeals process are contradicted by his complaint history, which identifies prior complaints which had been appealed, and shows that plaintiff did know how to appeal a rejected complaint.  (Dkt. 20-1 at 1); *see also* Wis. Admin. Code § DOC 310.10(10). Additionally, the ICE's written decision rejecting plaintiff's complaint as untimely provided explicit instructions on how to properly file an appeal.  (Dkt. #20-2, at 2.)  As such, the undisputed material facts show that plaintiff was aware of the available administrative process but failed to file an appeal following the rejection of his untimely grievance.

In conclusion, the undisputed facts show that plaintiff failed to file a timely inmate complaint concerning his claims, he failed to properly appeal the rejection of that complaint, and he has failed to show good cause for either procedural default.  Accordingly, this action must be dismissed without prejudice for plaintiff's failure to comply with the PLRA's exhaustion requirement. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

ORDER

IT IS ORDERED that:

1) Defendant's motion for summary judgment on exhaustion grounds (dkt. #18) is GRANTED, plaintiff's motion to waive the exhaustion requirement (dkt. #22) is DENIED, and this case is DISMISSED without prejudice for lack of exhaustion.

2) The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 23rd day of June 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge